**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: James Carey | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Statebridge Company, LLC | ) | |
| 5680 Greenwood Plaza Blvd, | ) | |
| Suite 100 | ) | |
| Greenwood Village, CO 80111 | ) | |
| | ) | |
| Defendant | ) | |

Now come Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, James Carey, bring this action to secure redress from unlawful collection practices engaged in by Defendant, Statebridge Company, LLC. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA, through 15 U.S.C. Section 1692g, requires that within five days of the initial communication for collection of debt, that a consumer be given the rights as outlined in 15 U.S.C. Section 1692g(a).

3. The FDCPA, through 15 U.S.C. Section 1692g(a)(2), requires Debt Collector to clearly and accurately tell Plaintiff who the creditor is that the debt is owed to.

4. The Seventh Circuit Court of Appeals stated in *Millver v. McCalla, Raymer, Padrick, Cobb, Nichols & Carlk, LLC.*, 214 F.3d 872, 875 (7th Cir. 2000), that the FDCPA requires a debt collector to state "the amount of the debt" that they are trying to collect.

5. The Court in *Miller* spelled out safe harbor language for collecting debts that are

accuring interest or other fees after the date of the initial dunning letter. Id.

6. Following Miller, the Seventh Circuit Court of Appeals stated in *Chuway v. Nat. Action Services*, 362 F. 3d 944 (7th Cir. 2004), stated that if a Debt Collector is "trying to collect the listed balance plus the interest running on it or other charges, he should use the safe harbor language of *Miller:* As of the date of this letter, you owe $___[the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection For further information, write the undersigned or call 1-800-[phone number]." *Id.*

## JURISDICTION AND VENUE

7. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
8. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

9. Plaintiff, James Carey (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
10. Plaintiff is a resident of the State of Illinois.
11. While Plaintiff was in Default of the financial obligation to original creditor, the original creditor transferred the debt to the Statebridge Company, LLC (hereinafter "Statebridge") ,making Defendant a "debt collector" within the meaning of 11 U.S.C. Section 1692a(6).
12. Unless otherwise stated herein, the term "Defendant" shall refer to Statebridge Company, LLC.
13. Defendant ("Statebridge"), is a Colorado business entity with an address of 5680

Green Plaza Blvd, Suite 100, Greenwood, Colorado 80111, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

14. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

15. The Plaintiffs allegedly incurred a financial obligation from a deficiency from a judicial sale (the "Debt").
16. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5).
17. The debt was transferred to Defendant while the Plaintiff was in default of his current obligation with the original creditor.
18. The Defendant is now the Debt Collector for the Plaintiff.
19. On or about April 20, 2020, it sent Plaintiff the first (initial) communication in an attempt to collect a debt.
20. Said letter lacks any of the required initial disclosures from 15 U.S.C. Section 1692g(a); nor have any disclosures been sent by Defendant within five days of said letter. See Exhibit.
21. Said letter lists a debt of "$13,712.01."
22. In the above stated amount, nothing indicates that said amount may increase. See Exhibit.
23. However, on the next page, Defendant provides a temporary payment coupon with places for interest and late fees.
24. Defendant is confused as to whether the debt is increasing or not.
25. Next, on May 9, 2020, Plaintiff received his "Debt Validation Letter." See Exhibit B.
26. Nowhere in the letter did it state that it was a "Debt Collector" nor did it state

"this is an attempt to collect a debt and any information will be used for that purpose." See Exhibit B

27. Said letter did state "[P]lease be advised that due to interest, late charges, and other charges that vary from day to day, the amount due on the date you make a payment, may actually be greater than the amount listed in the letter." See Exhibit B.

28. On the paragraph below this, however, said letter states "[T]his letter is in now way intended as a payoff statement. It merely states the total amount of the debt currently due as of the date of this letter."

29. The Plaintiff is totally confused as to the statement above: is this the amount due as of the date of the letter or is there something more, since it's not a payoff.

30. Furthermore, there can be no late fees, in contradiction to what Defendant stated in paragraph 27 of this Complaint, since there are no fixed payments.

## STANDING

31. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

32. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

33. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

34. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## VIOLATIONS OF THE FDCPA

35. Plaintiff incorporates paragraphs 1-30.

36. The Defendant's conduct violated 15 U.S.C. Section 1692g by failing to advise Plaintiff of her rights, commonly known as the "Mini-Miranda" rights, within

       five days of the initial communication.

37. The Defendant's conduct violated 15 U.S.C. Section 1692e(11) by failing to state that it was a Debt Collector or that it is an "Attempt to collect a debt and any information will be used for that purpose."
38. The Defendant's conduct violated 15 U.S.C. Section 1692e by stating that "late fees" could be affecting the balance when in legality it was not.
39. The Defendant's conduct violated 1692g by failing to state the actual balance of the debt.
40. The Defendant's conduct violated 15 U.S.C. Section 1692g by confusing the Plaintiff as to whether the debt is increasing.
41. Recently, the Seventh Circuit Court of Appeals stated that the "safe harbor" language given in *Miller v. McCalla, Raymer Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000) is not a defense to situations that can not legally come to pass. Recently, the Seventh Circuit Court of Appeals weighed into the statement in paragraph 24 that it is not a protection to use this language when an outcome is being suggested that is impossible to come to pass. *Boucher v. Fin. Sys. Of Green Bay, Inc.*, No. 17-2308, (7th Cir., 2018).
42. In the same Opinion, the Seventh Circuit Court of Appeals stated that Debt Collectors must tailor boiler plate language to avoid ambiguity. *Id.* at 371.
43. Moreover, the Court in *Boucher* stated that a Debt Collector is not entitled to safe harbor language if it provides inaccurate language. *Spuhler vs. State Collection Services, Inc.*, 18-cv-01149, (E.D. Wis. 2018)

### **JURY DEMAND**

44. Plaintiff demands a trial by jury.

### **PRAYER FOR RELIEF**

45. Plaintiff demands the following relief:
    a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result of Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. Section 1692(a)(1);
    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's

    violations of the Fair Debt Collection Practices Act, pursuant to Section 1692(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. Section 1692k(a)(3); and

Any other legal and/or equitable relief as the Court deems appropriate.

        Respectfully submitted,

        /s/ John Carlin
        John P. Carlin #6277222
        Suburban Legal Group, PC
        1305 Remington Rd., Ste. C
        Schaumburg, IL 60173
        jcarlin@suburbanlegalgroup.com
        Attorney for Plaintiff